IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos A. Gonzales,       )<br>             )<br>        Plaintiff,     )<br>             )<br>vs.          )<br>             )<br>             )<br>Joseph M. Arpaio,      )<br>             )<br>        Defendant.    )<br>_____) | No. CV 05-2611-PHX-EHC(CRP)<br><br>**REPORT AND RECOMMENDATION** |

On August 29, 2005, Plaintiff, who was at the time incarcerated at Maricopa County Durango Jail in Phoenix, Arizona, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. (Docket 1).

**FAILURE TO SERVE**

On February 21, 2006, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on March 15, 2006. (Docket 4). The docket indicates the Clerk of the Court mailed a copy of the order and the service packet to Plaintiff on Febraury 23, 2006. To date Plaintiff has failed to return a completed service packet, or to obtain waiver of service or complete service of the Summons and Complaint on Defendant in this case.

The Court's February 21, 2006 Order notified Plaintiff that failure to comply with every provision of the order would result in dismissal pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure. (Docket 4 at 3). The order contained provisions which required Plaintiff to return the service packet within 20 days of the date of filing of the order. Plaintiff was further notified that if he failed to comply with the order, the United States Marshal would not provide service of process. (*Id.* at 4).

Plaintiff was further notified within the order that he must complete service of the Summons and Complaint on the Defendants within 120 days of the filing date of the complaint or within 60 days of the filing of the order, whichever was later. (*Id.*). The order notified Plaintiff that failure to comply with either provision would result in dismissal of his case. (*Id.*).

**FAILURE TO PROSECUTE**

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to complete service of the Summons and Complaint on the Defendants within 120 days of the filing date of the complaint or within 60 days of the filing of the order constitutes failure to prosecute.

The order required Plaintiff to complete and return service packets for Defendants to the Court by March 15, 2006. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Furthermore, Plaintiff was warned that his failure to acquire a waiver of service from Defendants or to complete service of process on Defendant within 120 days of the date he filed his complaint, or 60 days from the filing date of that order would result in the dismissal of the complaint. The civil docket in this matter indicates that Plaintiff has failed to acquire a waiver of service from Defendants or to complete service of process on Defendants well beyond both of these deadlines.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31

1 (1962), the Supreme Court recognized that a federal district court has the inherent power to
2 dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b)
3 of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover,
4 in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
5 without notice or hearing. *Id*. at 633.

6       In determining whether Plaintiff's failure to prosecute warrants dismissal of his case,
7 the Court must weigh the following five factors: "(1) the public's interest in expeditious
8 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
9 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
10 availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 *quoting Henderson v. Duncan*,
11 779 F.2d 1421, 1423 (9th Cir.1986). "The first two of these factors favor the imposition of
12 sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus
13 the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910
14 F.2d 652, 656 (9th Cir.1990).

15       Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
16 to serve Defendants, or to actively participate in this case prevents the case from proceeding
17 in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth
18 factor requires the Court to consider whether a less drastic alternative is available.

19       The Court finds that only one less drastic sanction is realistically available. Rule
20 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
21 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
22 a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can
23 be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
24 Procedure.

25 . . . . . . . . .
26 . . . . . . . . .
27 . . . . . . . . .
28 . . . . . . . . .

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court Judge dismiss this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Procedure for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 05-2611-PHX-EHC.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.)(*en banc*), *cert. denied*, 540 U.S. 900 (2003).

DATED this 19th day of June, 2006.

*/s/ Charles R. Pyle*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 4 -